**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Steven Matthew Armstrong,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Travis Chapman, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00575-GMN-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Steven Armstrong brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred in September 2023, resulting in an acquittal in one case and a conviction in another. Plaintiff moves to proceed *in forma pauperis*. ECF No. 3. He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. *Id*.[1] His request to proceed *in forma pauperis* will, therefore, be granted.

The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.　Screening Standard**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

---

[1] Plaintiff explains he has requested the remaining information he needs to complete his IFP packet but has not received a response. Plaintiff is to submit that documentation once he receives it.

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**II.      Screening the Complaint**

Mr. Armstrong's complaint centers around two criminal matters: (1) Case No. C-23-379540 and (2) Case No. C-23-378525.

**A.  Case No. C-23-379540**

Plaintiff alleges he was unlawfully arrested on September 26, 2023. He explains Officer Valdez illegally searched his wife's car and found a firearm. In turn, Officer Smith arrested him, and Mr. Armstrong was charged with a firearm offense in case No. C-23-379540. He explains he was found not guilty at trial. Nevertheless, he was held in custody for six months (with no bail) based on the decision of the district attorney, Nina Afshar, to proceed with that charge. Mr. Chapman also alleges his rights to a speedy trial were violated and that there were no African American jurors in his trial. He also mentions that Ms. Afshar discriminated against him.

### 1. Fourth Amendment claims against Officers Valdez and Smith

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause. U.S. CONST. Amend. 4. The general rule is that "seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013).

Plaintiff alleges that Officer Valdez illegally searched his wife's car. He appears to assert there was no probable cause to search the car and that his prosecution in Case No. C-23-379540 was based on that illegal search. He also asserts Officer Smith was the one who arrested him. Moreover, he explains he was found not guilty in the trial that ensued as a result of that search and arrest. As a result, Plaintiff has asserted sufficient facts to proceed with a Fourth Amendment illegal search and seizure claims against Officers Valdez and Smith in their individual capacities.

### 2. Eighth Amendment claim against Nina Afshar

The Eighth Amendment states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. Amend. 8. But a district attorney is absolutely immune from suit under § 1983 where the claims are related to conduct that is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citation omitted).

Here, Plaintiff alleges that the district attorney, Nina Afshar "held [him] in custody with no bail for 6 months just to be found not guilty." But whatever role Ms. Afshar played in Mr. Armstrong being held without bail, she is immune from suit. As a result, the Court recommends that this claim be dismissed against Defendant Nina Afshar with prejudice.

### 3. Sixth Amendment claims

There is a Constitutional right to a speedy trial within the Sixth Amendment, but this right is not "quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 523 (1972). Instead, the Court uses a balancing test, weighing the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530.

In addition, when it comes to the composition of a jury, the Supreme Court has developed the following three-part test for establishing a prima facie violation of the Sixth Amendment's fair cross-section requirement:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).

Plaintiff does not allege sufficient facts for the Court to weigh either of his claims under the Sixth Amendment. The same goes for the claim surrounding Nina Afshar's conduct. As a result, Plaintiff will be given leave to amend this claim.

**B.  Case No. C-23-378525**

Mr. Armstrong alleges unconstitutional infirmities surrounding the pretrial and trial phases of this case. He explains that Detective Chapman "rebooked" him based on information gathered in Case No. C-23-379540, which he claims is "fruit of the poisonous tree." Mr. Armstrong also alleges that Detective Chapman testified to "a firearm that was never recovered" and to a photo that was tampered with and not made part of his discovery. He alleges the district attorney, Haley Jaramillo, was the one who tampered with this photo by adding a "switch on what they claim is a Glock firearm." He explains he was convicted of four felonies as a result of these unconstitutional actions. Like the other criminal case, Mr. Chapman alleges his rights to a speedy trial were violated and that there were no African American jurors. He also mentions that Ms. Jaramillo discriminated against him.

**1.  Fourteenth Amendment claim against Travis Chapman and Haley Jaramillo**

In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 86–87 (1994). Thus, the

1  relevant question in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Id*. at 487.

Here, Mr. Armstrong alleges that the constitutional violations that took place during the pretrial and trial phase of case No. C-23-378525 played a role in his conviction and/or sentence. If so, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and/or sentence. If his conviction **has not** been invalidated, these types of claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus.").[2]

As a result, the Court recommends that this claim be dismissed without prejudice (in the event Plaintiff wishes to bring a habeas claim) but without leave to amend.

### 2. Sixth Amendment claim

As explained above, this claim—as applied to Case No. C-23-378525—is barred under *Heck*. *Gibbs v. Contra Costa Cnty.*, No. C 11–00403 MEJ, 2011 WL 1899406, at *3 (N.D. Cal. May 19, 2011) (finding speedy-trial claim barred by *Heck*). As a result, the Court recommends that Plaintiff's Sixth Amendment claim be dismissed without prejudice but without leave to amend as it concerns Case No. C-23-378525.

### C. Instructions for amendments

If Plaintiff chooses to file an amended complaint, the document must be titled "First Amended Complaint" and must contain a short and plain statement describing the underlying case and the defendants' involvement in the case. *See* FED. R. CIV. P. 8(a)(2). Additionally, Plaintiff is advised that if he files a First Amended Complaint, the previous complaint (ECF No. 1-1) no longer serves any function in this case. As such, the First Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. As

---

[2] The Court will include a template Habeas Petition packet in the event Plaintiff chooses not to amend his complaint with regard to Case No. C-23-378525 and pursue habeas relief.

explained above, if Plaintiff's conviction **has not been** invalidated in Case No. C-23-378525, he may choose to pursue habeas relief.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs. This order *granting in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Steven Matthew Armstrong, # 08248549 (in months that the account exceeds $10.00) until the full filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Clark County Detention Center at 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment claims shall proceed against Officers Valdez and Smith.

**IT IS RECOMMENDED** that Plaintiff's Eighth Amendment claim against Nina Afshar be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Sixth Amendment claims (as they relate to Case No. C-23-379540) are dismissed with leave to amend.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Fourteenth and Sixth Amendment claims (as they relate to Case No. C-23-378525) be dismissed without prejudice but without leave to ammend.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to the following Defendants: Officers Valdez and Officer Tyler Smith; (2) deliver the summonses along with 2 copies of the complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff 2 blank copies of Form USM-285. Once Plaintiff receives the USM-285 forms, Plaintiff must fill in defendants' last-known addresses so that the defendants may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 4, 2024, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff will have until September 2, 2024, to file an amended complaint. Failure to file an amended complaint by that date may result in the case proceeding only on the claims against Officers Smith and Valdez.

**IT IS FURTHER ORDERED** that the Clerk of Court kindly attach the packet that appears on the Court's website to file a habeas petition (Form 28.2245).

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 5, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE