**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Steven Matthew Armstrong | Case No. 2:24-cv-00575-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT and RECOMMENDATION** |
| Tyler Smith, et al., | |
| Defendants. | |

This Court screened pro se plaintiff Steven Armstrong's complaint on August 5, 2024. ECF No. 4. In that Report and Recommendation, this Court allowed certain claims to proceed, dismissed certain claims with leave to amend, and recommended dismissal without leave to amend as to others. *Id*. The district judge adopted the Report and Recommendation. ECF No. 11. Plaintiff filed an amended complaint. This Court now screens plaintiff's amended complaint.

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

II. **Analysis**

A. **Claim No. 1: "False Arrest"**

To state a claim for False Arrest, Plaintiff must allege facts establishing that Defendants arrested them "without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *see also Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983.").

Mr. Armstrong alleges that on September 26, 2023, Officer Smith arrested him for failure to register as a convicted person. He alleges there was no probable cause for that arrest and that the charge was denied. For screening purposes, he has sufficiently alleged Fourth Amendment claim for False Arrest against Officer Smith.

He also explains that while booked on the case above, he was rebooked on charges stemming from being a prohibited person in possession of a firearm for which there was no probable cause.[1] This was based on a gun that was found in the trunk of his wife's car and that belonged to her. He asserts he was found not guilty at trial. For screening purposes, he has sufficiently alleged a Fourth Amendment claim for False Arrest for being a prohibited person in possession of a firearm against Officer Smith.

**B.  Claim No. 2: "Illegal Search and Seizure"**

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend 4. Police may conduct a warrantless search of a vehicle if there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011).

Mr. Armstrong alleges that on September 26, 2023, Officer Valdez illegally searched the car as "there was no probable cause because this was a traffic stop." He also alleges that his wife consented to the search of the car. For screening purposes, this Court assumes that the Fourth Amendment violation complained of negated the consent provided by his wife. As such, this Court finds Mr. Armstrong has sufficiently pled an illegal search claim for the search of his car under the Fourth Amendment against Officer Valdez.

**C.  Claim No. 3: "Due Process"**

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012).

---

[1] The relationship between this case and the one for which he was convicted is not clear. If there is a relationship, certain claims may be barred under *Heck*.

Mr. Armstrong alleges that on September 26, 2023, he was booked on charges stemming out of being a felon and not registering and bring in possession of a firearm. As alleged in Claim No. 1, Mr. Armstrong contends there was no probable cause for an arrest on either of those charges. While booked on those two charges, ATF Detective Chapman "rebooked him" in Case No. C-23-378525 but never requested the issuance of a warrant for his arrest. In addition, he alleges that the basis for his arrest on Case No. C-23-378525 is fruit of the poisonous tree. While Mr. Armstrong alleges this is a violation of his Fourteenth Amendment due process right, it appears he is contending that he was arrested without a warrant or probable cause, in violation of his Fourth Amendment right.

This Court takes judicial notice of the fact that Mr. Armstrong previously alleged that he had been convicted in this case. *See* ECF No. 1-1. As explained in previous orders, a civil action "is barred if success in the action would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Lemos v. County of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (quoting *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars a civil action when the plaintiff's "criminal conviction is fundamentally inconsistent with the unlawful behavior" for which damages are sought. *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc). To put it another way, *Heck* bars a civil claim if the plaintiff's success on that claim "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. As a result, before a plaintiff may pursue an action in which the claim arose from "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid," the plaintiff must first prove he had his conviction vacated or otherwise favorably terminated. *Id*. at 486–87. Given Mr. Armstrong was convicted in case No. C-23-378525, the conviction would be "fundamentally inconsistent with the unlawful behavior." As a result, this Court recommends that the illegal arrest claim for Case No. C-23-378525 under the Fourth Amendment be dismissed without leave to amend as barred under *Heck*.

### D.  Claim No. 4: "Unfair Jury Selection"

Deputy district attorneys enjoy prosecutorial immunity. Such immunity protects eligible officials when they are acting pursuant to their official role as advocates performing functions

"intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc).

Here, Mr. Armstrong contend that District Attorneys Afshar and Jaramillo violated his Sixth Amendment right based on choices they made during jury selection. It is clear that the acts in question were being performed as part of their official role as District Attorneys at trial. This Court recommends that this claim be dismissed with prejudice.

### E. Claim No. 5: "Excessive Bail"

The Eighth Amendment states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. 8. But a district attorney is absolutely immune from suit under § 1983 where the claims are related to conduct that is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citation omitted).

Here, Plaintiff alleges he was held with no bail in Case No. 23-379540 for six months and was eventually found not guilty at trial. But he does not name a defendant in connection with this allegation. As explained above (and in the previous order) prosecutors are immune from a civil claim based on these facts. In addition, so are judges. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges . . . functioning in their official capacities."). Thus, while it is unlikely Mr. Armstrong can assert a claim based on these facts, this Court will give him leave to amend.

### III. Conclusion

**IT IS ORDERED** that the Fourth Amendment claim for False Arrest based on failure to register as a felon may proceed against Officer Smith.

**IT IS FURTHER ORDERED** that the Fourth Amendment claim for False Arrest based on being a prohibited person in possession of a firearm may proceed against Officer Smith.

**IT IS FURTHER ORDERED** that the Fourth Amendment claim based on the illegal search may proceed against Officer Valdez.

**IT IS RECOMMENDED** that the Fourth Amendment claim based on the illegal arrest in Case No. C-23-378525 against Detective Chapman be dismissed without leave to amend.

**IT IS FURTHER RECOMMENDED** the Sixth Amendment claim based on unfair jury selection against District Attorneys Afshar and Jaramillo be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim for excessive bail is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a second amended complaint in this case to add the Eighth Amendment claim, he must do so by May 6, 2025. Plaintiff is advised that if he files a second amended complaint, the amended complaint (ECF No. 9) no longer serves any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**V.     Service instructions**

**IT IS ORDERED** that the Clerk of Court is kindly directed to issue summonses to: (1) METRO Officer Tyler Smith and (2) METRO Officer Valdez.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the summonses and 2 copies of the amended complaint filed at ECF No. 9 to the United States Marshals Service ("USMS") for service.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff 2 copies of Form USM-285.7

**IT IS FURTHER ORDERED** that Plaintiff must complete a USM-285 form for each Defendant against whom Plaintiff's claims are proceeding and provide an address where each Defendant can be served with process. Once completed, Plaintiff must provide the completed USM-285 forms to the U.S. Marshals Service. Plaintiff shall have until **May 5, 2025**, to furnish the U.S. Marshals Service with the required form.

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the U.S. Marshals Service shall attempt service upon the Defendants.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving from the U.S. Marshals Service a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on a Defendant, he must file a motion with the Court identifying the Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 2, 2025**, to accomplish service on Defendants under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon the Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

### Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 3, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE